**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LONNIE SMITH,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:18-cv-367** |
| | § | |
| **EXXONMOBIL CORPORATION,** | § | **JURY DEMANDED** |
| *Defendant.* | § | |
| | § | |
| | § | |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT**
_____

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Lonnie Smith (hereinafter referred to as "Mr. Smith" or "Plaintiff") in the above-referenced matter, complaining of and about ExxonMobil Corporation (hereinafter referred to as "ExxonMobil" or "Defendant"), and for causes of action files this Original Complaint, showing to the Court the following:

## I.      PARTIES

1.      Plaintiff, Lonnie Smith is an individual residing in Harris County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

2.      Defendant, ExxonMobil is a Foreign For-Profit Corporation in the State of Texas. Defendant, may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701.

## II.      JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of

*Plaintiff's Original Complaint*

1

action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C § 621 et seq. (as amended by the Civil Rights Act of 1991) (which is codified in 29 U.S.C. § 621 et seq.) (hereinafter referred to as the "ADEA"); and 42 U.S.C. § 1981 (hereinafter referred to as "§ 1981").

4.      Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. (hereinafter referred to as the "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5.      Venue is proper in the Southern District of Texas - Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

### III.        NATURE OF THE ACTION

6.      This is an action brought pursuant to Title VII and the TCHRA on the grounds that Plaintiff was discriminated and retaliated against because of Plaintiff's race (African American).  The action is to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's race including the discrimination and retaliation based on Plaintiff's protected activities involving his race and complaints of racial discrimination and retaliation. Additionally, Plaintiff files this action pursuant to 42 U.S.C. § 1981 to correct and recover the Defendant's unlawful employment practices on the basis of Plaintiff's race.

7.      Further, this is an action under the ADEA and the TCHRA to correct and recover for unlawful employment practices on the basis of Plaintiff's age, fifty-seven (57) years old, which includes Plaintiff being discriminated and retaliated against because of his age.  *See* 29 U.S.C § 621 et seq.; and Texas Labor Code § 21.001 et seq.

8.      Finally, Plaintiff files this action pursuant to Texas common law for negligent training, supervision and retention.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.      On September 21, 2016, Plaintiff filed a Charge of Discrimination (Charge No. 460-2016-04686) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") against Defendant for race discrimination, age discrimination, and retaliation.  This charge was filed for discrimination and retaliation.  (*See* Exhibit 1, which is attached hereto and incorporated by reference).

10.      Subsequently, the EEOC issued Plaintiff a Notice of Right Sue, dated November 15, 2017. (*See* Exhibit 2, which is attached hereto and incorporated by reference).  Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notices.  Therefore, this lawsuit is timely filed.

## V.  FACTS

11.      Plaintiff is a fifty-seven (57) year old African American man.  For over three (3) decades, Plaintiff worked for Defendant as a Geoscientist.  Specifically, Plaintiff began his employment at Mobil Corporation in August 1982 and became an employee of ExxonMobil Corporation in 1999 following the merger between Exxon Corporation and Mobil Corporation.

12.      During Plaintiff's 17-year tenure at Mobil, he received customary annual raises and promotions approximately every two (2) years.   Further, as a result of his stellar

*Plaintiff's Original Complaint*

performance, during his first decade at Mobil, Plaintiff was selected to move to Nigeria and lead the exploration and production efforts there.  Without hesitation, and because of Plaintiff's dedication to Defendant, Mr. Smith packed up his family and moved to Nigeria.

13.     Plaintiff lived in Nigeria for approximately ten (10) years without incident.  While in Nigeria, Plaintiff received excellent performance evaluations for his work, especially for his technical, mentoring and leadership skills.

14.     Following the 1999 ExxonMobil merger, Plaintiff was asked to relocate temporarily back to the United States (Houston, Texas) prior to a planned long-term assignment in Angola.  Again, Mr. Smith packed up his family and moved from Nigeria to Houston solely for the benefit of ExxonMobil.  Upon information and belief, Plaintiff was replaced in Nigeria by a younger, white, legacy Exxon employee, who at the time was required to leave the United States immediately because of an expired visa.  This ExxonMobil employee is now the chief geoscientist in the company and is working in Houston.

15.     The first team that Plaintiff was assigned to in Houston was dismantled within twelve (12) months.  The Angola project allegedly "fell through"—resulting in Plaintiff being thrown into another project in Houston and removed from an official leadership role.

16.     On the new project, Plaintiff was forced to work under a new supervisor, Kurt Steffen, who only had about 10 (ten) years of experience in comparison to Plaintiff's 34 (thirty-four) years of experience with the company.  In fact, Mr. Steffen worked in the ExxonMobil research lab for a mere nine (9) years before being promoted to management, while Defendant repeatedly failed to promote Mr. Smith for nearly two (2) decades.

17.     Despite being responsible for drilling over 200 wells, which resulted in millions of barrels of reserves and production for ExxonMobil, Plaintiff's rank consistently fell about 10%

*Plaintiff's Original Complaint*

4

each year without justification until he was in the bottom ranks.  Moreover, for 17 (seventeen) years, ExxonMobil wholly failed to promote Plaintiff, and for eight (8) years Defendant failed to give Plaintiff raises of any kind—while less experienced, younger, white employees for Defendant were given consistent raises and promoted to leadership positions.

18.     Throughout his tenure at ExxonMobil, Plaintiff was constantly belittled and his efforts systematically marginalized.  It was well known around ExxonMobil that Plaintiff was well-respected by his colleagues in Nigeria because of his exceptional work in the region.  One day, without provocation, Plaintiff's manager physically grabbed him by his arm and "warned" him to stop talking to "his friends" in Nigeria.

19.     Notwithstanding, the physical assault by management coupled with Defendant's failure to promote Plaintiff, refusal to give Plaintiff customary and well-deserved raises and bonuses, Plaintiff continued to "put his head down and tried to keep his nose clean"—like many other older and minority employees at ExxonMobil.

20.     During the latter part of Plaintiff's career at ExxonMobil, Plaintiff was spending 10-12 hours a day in the office, and continually given "lemon" assignments while his younger, white counterparts were placed in areas that allowed for productivity and a chance at advancement.  In fact, during a meeting, a manager commented "what loser got stuck with this job"—not knowing that Plaintiff was given that assignment.  Plaintiff was also told, by his assigned career advisor, that "there were no other opportunities in the entire company for him", and twice suggested over the last 2-years of Plaintiff's career at ExxonMobil that he would either die, resign or retire in the assignment he was in.  It was clear, after his conversation with his career advisor that ExxonMobil was trying to get rid of Plaintiff because of his age.

21.     On October 1, 2015, Plaintiff became "eligible for retirement".  Notably, on September 25, 2015 (a mere week before attaining retirement eligibility), Plaintiff was placed on an unwarranted performance improvement plan (PIP) for six (6) months.  It is simply no coincidence that Plaintiff was placed on a PIP a week before retirement eligibility.

22.     Plaintiff was told that if he successfully completed his PIP, he would be able to stay in his mediocre position and continue working for Defendant.  As instructed, Plaintiff met with his manager, Mr. Steffen, on a bi-weekly basis while on the PIP.  During each meeting, Plaintiff was given positive feedback and was told that he was "making progress."  Plaintiff worked very hard and completed the PIP requirements by mid-term in order to remove this cloud from over his head so that he could enjoy the Christmas holiday season with his family.  Plaintiff was told by Mr. Steffen that he (Plaintiff) had "done his part" and that it was "on him (Mr. Steffen)" to review and distribute the presentation package and results.  However, Mr. Steffen's subsequent written mid-term feedback, which was provided a month late, was inconsistent with Mr. Steffen's verbal feedback to Plaintiff during their bi-weekly meetings.

23.     It was at this point that Plaintiff filed a formal rebuttal to the written feedback to Human Resources.  Following his complaint to Human Resources, he was forced to meet with management on a weekly basis (rather than a bi-weekly basis as instructed prior to his complaint) which he also did.  During one of the subsequent meetings, Mr. Steffen's point out that Plaintiff had been observed working long hours and suggested that ExxonMobil was "concerned" that he would not be able to continue working very long hours "for much longer"—implying that because of his age he was not cut out for the job.  Plaintiff told his manager that he was more than capable and competent to perform his job duties, to which his manager responded "I'm simply delivering the message."

*Plaintiff's Original Complaint*

6

24.     It was clear to Plaintiff that the actions taken by ExxonMobil against him were because of his age.   After being reluctant for years to complain of the discrimination at ExxonMobil, out of fear of retaliation, Plaintiff lodged an official complaint of discrimination with his manager.

25.     On February 15, 2016, Plaintiff met with two (2) members of Human Resources regarding his various claims of discrimination.   The two-hour interrogation was supposed to be a "30-minute chat"; however, Plaintiff was grilled about his allegations, and it quickly became clear that HR was not working in Plaintiff's best interest.

26.     On March 11, 2016, Plaintiff was again contacted by the two (2) members of Human Resources, this time to tell him they allegedly found "no evidence" of age discrimination and that the issues raised were simply a matter of miscommunication and perhaps "faulty memory"—again referencing his age.

27.     Within weeks, Plaintiff was informed by Tom Wolcott (HR Representative and Kurt Steffen (Supervisor) that he was "retired from ExxonMobil."   Specifically, on March 29, 2016, a mere 18 days after HR "concluded" its investigation, Plaintiff received correspondence that stated, "effective with your retirement on March 29, 2016, you will no longer be an employee of ExxonMobil Development Company."   Notably, Plaintiff never elected to retire from ExxonMobil nor did he ask to retire from ExxonMobil.   Instead, ExxonMobil effectively terminated Plaintiff's employment because of his complaints of discrimination and forced Plaintiff to retire.

28.     Plaintiff was discriminated against because of his age and has been subjected to retaliation in violation of the Age Discrimination in Employment Act of 1967, (ADEA), and the Texas Labor Code.   Further, Plaintiff was discriminated against because of his race, African

*Plaintiff's Original Complaint*

7

American, and retaliated against for his complaints of discrimination in violation of the Title VII of the Civil Rights Act of 1964, as amended and the Texas Labor Code.

## VI.   COUNT 1 - TITLE VII RACE DISCRIMINATION

29.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

30.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his race (i.e., African American), including discrimination and retaliation.

31.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status because of Plaintiff's race (African American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## VII.  COUNT 2 - TCHRA RACE DISCRIMINATION

32.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

33.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his race (African American).

34.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race (African American), in violation of Texas Labor Code § 21.051 et seq.

## VIII.  COUNT 3 - ADEA AGE DISCRIMINATION

35.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

36.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his age, fifty-seven (57) years old.

37.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive his of any employment opportunity or adversely affect his status because of Plaintiff's age, fifty-seven (57) years old, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

## IX.  COUNT 4 - TCHRA AGE DISCRIMINATION

38.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

39.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his age, fifty-seven (57) years old.

40.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's age, fifty-seven (57) years old, in violation of the Texas Labor Code § 21.051 et seq.

## X.  COUNT 5 -  TITLE VII RETALIATION

41.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

42.     Defendant intentionally retaliated against Plaintiff because of the complaints of

race discrimination made to Defendant prior to Plaintiff's unwarranted termination.

## XI.  COUNT 6 - TCHRA RETALIATION

43.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

44.     Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination made to Defendant in violation of the Texas Labor Code § 21.055.

## XII.  COUNT 7 - ADEA RETALIATION

45.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

46.     Defendant intentionally retaliated against Plaintiff because of the complaints made to Defendant of age discrimination in violation of the ADEA.

## XIII.  COUNT 8 - SECTION 1981 RACIAL DISCRIMINATION

47.     Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

48.     Pursuant to 42 U.S.C. § 1981, Plaintiff pleads a cause of action against Defendant for racial discrimination.

49.     Plaintiff was treated differently than other non-African-American employees in terms conditions of his employment.  ExxonMobil denied Plaintiff raises and failed to promote Plaintiff because of his race—depriving Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.  As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## XIV.  COUNT 9 - SECTION 1981 RETALIATION

50.     Plaintiff hereby incorporates by reference all of the allegations contained in the

*Plaintiff's Original Complaint*

above-identified paragraphs as though fully set forth herein.

51.     Pursuant to 42 U.S.C. § 1981, Plaintiff pleads a cause of action against Defendant for retaliation.  Defendant intentionally retaliated against Plaintiff because Plaintiff complained to Defendant about the race discrimination that Plaintiff experienced while being employed by Defendant.

52.     After Plaintiff's protected complaints of the racially discriminatory actions by Defendant, Plaintiff was subjected to increased discipline and subsequent termination, which was in violation of 42 U.S.C. § 1981.   As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

### XV.     COUNT 10 – NEGLIGENT TRAINING/SUPERVISION/RETENTION

53.     Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

54.     Defendant is liable to Plaintiff for negligent training, supervision, and or retention because Plaintiff's physical and mental/psychological injuries resulted from the failure of Defendant to take reasonable precautions to protect Plaintiff from the misconduct of its agents or other employees.

55.     Defendant owed Plaintiff, as its employee, the legal duty to take reasonable precautions to protect him from injuries in the workplace, including physical and mental/psychological injuries directly caused by Defendant's employees.

56.     Defendant breached its duty by allowing management and its human resources department to ignore the ongoing and building injuries sustained by Plaintiff, as there was no effort by Defendant to rectify and or correct the conduct of its employees in supervisory authority over Plaintiff.  Additionally, Defendant did nothing to fix Plaintiff's work environment.

57.     Such ongoing conduct, including Defendant's negligent training, supervision, and or retention has caused Plaintiff physical and mental/psychological injuries.

## XVI.   <u>JURY DEMAND</u>

58.     Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## XVII.  <u>PRAYER</u>

59.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

      a.      All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

      b.      Compensatory damages, including, but not limited to, emotional distress;

      c.      Past, present, and future physical pain and mental suffering;

      d.      Punitive damages;

      e.      Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

      f.      Pre-judgment interest at the highest rate permitted by law;

      g.      Post-judgment interest from the judgment until paid at the highest rate permitted by law;

      h.      Costs of Court; and

i.      Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,



Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District No: 713316
2603 Augusta Drive, Suite 1450
Houston, TX  77057
Telephone No.: (713) 742-0900
Facsimile No.: (713) 742-0951
Alfonso.Kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Keenya Harrold
Texas Bar No.: 24039664
Southern District Bar No: 897938
2603 August Drive, Suite 1450
Houston, TX  77057
Telephone No.: (713) 742-0900
Facsimile No.: (713) 7420951
Keenya.Harrold@kennardlaw.com

*Plaintiff's Original Complaint*

13