| | | |
|---|---|---|
| United States District Court | Southern District of Texas | |

United States District Court
Southern District of Texas
**ENTERED**
September 17, 2020
David J. Bradley, Clerk

Lonnie Smith, §
§
Plaintiff, §
§
versus § Civil Action H-18-367
§
ExxonMobil Corporation, §
§
Defendant. §

# Opinion on Summary Judgment

1. *Introduction.*

    Lonnie Smith sued ExxonMobil Corporation for race discrimination, age discrimination, and retaliation under the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, and the Texas Commission on Human Rights Act.

    Because Smith cannot show that Exxon discriminated or retaliated against him, he will lose.

2. *Background.*

    Smith was a geoscientist for Exxon from 1982 until 2016. Early in his career at Exxon, Smith was assigned to an office in Nigeria. He lived there for ten years until he relocated to Houston.

    The first team he was assigned to in Houston was disassembled within a year. After another project fell through, Smith was assigned to work under a new supervisor, Kurt Steffen.

    Steffen had worked for Exxon's research lab for nine years before being promoted to management. Smith complains that he was not promoted although

he had worked for Exxon for over twenty years more than Steffen had when he was assigned to supervise Smith. Though he had worked for Exxon for longer than Steffen, tenure alone does not mean he was a qualified candidate entitled to being promoted over Steffen.[1]

Although Smith enjoyed positive performance reviews early in his career, he began receiving poor reviews while working in Houston. His rank fell by around 10% each year until he reached the bottom 10%, where he stayed for over six years.

Ultimately, Smith worked for four supervisors and failed to improve in several years.

Smith says he should have been promoted and awarded raises and bonuses during his last years at Exxon. He complains that he was belittled and given "lemon" assignments while his younger, white colleagues were given more opportunities to advance.

A week before Smith was eligible to retire, Exxon put him on a performance improvement plan. Smith says that Steffen's oral feedback to him was positive, but the written review was negative. Smith complained to Human Resources, alleging discrimination. Human Resources found no discrimination when it investigated Smith's complaint.

Smith says Exxon effectively fired him by forcing him to retire due to his age. He stopped working for Exxon in March 2016.

3. *Retaliation.*

Because he did not address his retaliation claim in his response to the motion for summary judgment, he has abandoned it.

Had he not abandoned it, the retaliation claim would still fail because he did not complain that he was discriminated against until after he failed his second performance improvement plan.

---

[1] *See Price v. Fed. Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002).

4. *Race and Age Discrimination.*

Smith is fifty-seven and black. He says his younger white colleagues with less experience were promoted over him.

To succeed on an age or race discrimination claim, Smith must show that (a) he is a member of a protected class, (b) he was qualified for his position, (c) he suffered an adverse employment action, and (d) others in his position were treated better than he was.[2] If he can show these things, then Exxon must explain why its reason for firing him was not pretextual.

While Smith is a member of a protected class who suffered an adverse employment action – being fired – he was not qualified for his position and cannot show that others in his position were treated better than he was.

Smith consistently did poor work, which is well-documented. When an employee fails to meet his employer's legitimate expectations at the time of his termination, he cannot establish a prima facie case of discrimination. Exxon has shown that Smith failed to meet its legitimate expectations for several years, consistently ranking very low in performance.

Smith says his younger colleagues were treated better than he was because his younger co-workers were promoted and he was not. His colleagues were performing well, as Smith was not, so their promotions do not amount to discrimination against Smith.

Smith has only shown that Exxon employed him for longer than it appears it should have – based on Smith's performance record – presumably so Smith's retirement benefits would vest.

Because Smith cannot show that he was discriminated against and Exxon has articulated a legitimate, well-documented reason for firing Smith, his discrimination claims fail.

---

[2] *E.g., Lee v. Kansas City S. Ry. Co.*, 574 F. 3d 253, 259 (5th Cir. 2009).

5. *Conclusion.*

Because he cannot show that he was discriminated against, Lonnie Smith will take nothing from ExxonMobil Corporation.

Signed on September 17, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge